UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-92-S-DCR-9

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                              **PLEA AGREEMENT**

DONETTE JESSE LARA-GARCIA                                                 DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 4 of the superseding indictment. Count 4 charges conspiracy to launder drug proceeds, in violation of 18 U.S.C. § 1956(h). The Defendant also agrees to forfeiture as outlined in the forfeiture allegation of the superseding indictment. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 9 of the superseding indictment

2. The essential elements of Count 4 are as follows:

   (a) First, that the Defendant and at least one other person formed, reached, or entered into an agreement or understanding to commit money laundering crimes.

   (b) Second, that the Defendant knowingly and voluntarily joined the conspiracy.

1

3.  As to Count 4, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant agreed with at least one other person to commit money laundering crimes in the Eastern District of Kentucky. The Defendant participated in the money laundering conspiracy by engaging in concealment money laundering. On February 23, 2022, the Defendant purchased a 2022 Dodge Charger from CarMax in Fayette County for a total sales price of $50,998.00. The Defendant did so at the request of codefendant Luis Lara-Garcia and was a "straw" purchaser or nominee; that is, the Defendant never actually possessed or drove the vehicle other than to make the purchase and relinquish the vehicle to Luis Lara-Garcia. To make the purchase, the Defendant utilized drug proceeds obtained from codefendant Luis Lara-Garcia totaling $12,000.00. Of the $12,000 down payment toward the purchase, $9,000 was in cash and $3,000 was from a checking account. The Defendant knew that the entire $12,000 was drug proceeds and his intent was to conceal and disguise the nature, location, source, ownership and control of the proceeds. Another codefendant, Oziel Saucedo-Salgado, assisted in the purchase by trading in a 2009 BMW 750 for an assessed value of $5,000. After the purchase, the Defendant turned over the vehicle to codefendant Luis Lara-Garcia, who was the true purchaser and drove the vehicle on a regular basis.

(b) On August 4, 2022, Luis Lara-Garcia was indicted for drug trafficking, money laundering and firearms offenses. During jail calls on August 5 and August 6, 2022, Luis Lara-Garcia advised another individual to direct the Defendant to get rid of the Dodge Charger. On August 24, 2022, the Defendant returned to CarMax and traded in the Dodge Charger for a 2016 Honda Civic.

4. The statutory punishment for Count 4 is not more than 20 years, a fine of not more than $500,000 or twice the value of the property involved in the transaction (whichever is greater) and a term of supervised release of not more than 3 years.

A mandatory special assessment of $100 per count applies, and the Defendant will pay this $100 assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

5. Pursuant to Rule 11(c) (1) (B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, Manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all the facts set forth in paragraph three and the provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level for Count 4 is 10 (8 levels, plus 2 levels for funds in excess of $6,500 but less than $15,000 per the table in § 2B1.1(b)(1)(B)).

    (d) Pursuant to U.S.S.G. § 2S1.1(b)(1(A) and (B)(i), increase the offense level by 6 levels because § 2S1.1(a)(2) applies, and the Defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote, an offense involving the manufacture, importation, or distribution of a controlled substance.

    (e) Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), increase the offense level by 2 levels because the Defendant's conviction is for a violation of 18 U.S.C. § 1956.

    (f) Pursuant to U.S.S.G. § 3B1.2, decrease the offense level by 3 levels because the Defendant's role in the offense falls between that of a minor participant and a minimal participant in the criminal activity.

    (g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will

move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to file a motion for a further decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2(a), and also waives the right to file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and any sentence within or below the applicable guidelines range as determined by the court at the sentencing hearing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the superseding indictment, that is, firearms, ammunition, and U.S. currency. The Defendant agrees that there is a nexus between this property and the offenses to which he is pleading guilty, and he will execute any documents necessary for this forfeiture. The Defendant further waives all provisions in Rule 32.2 regarding the timing of the entry of forfeiture orders.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a

proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office and will make a full and complete financial disclosure. Within 30 days from his guilty plea, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant acknowledges that he understands this Agreement, that his attorney has explained it to him, and that his entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 3/29/2023   By: *[signature]*
G. Todd Bradbury
Assistant United States Attorney

Date: 3-27-23   *[signature]*
Donette Jesse Lara-Garcia
Defendant

Date: 3-27-23   *[signature]*
Andrew L. Sparks
Attorney for Defendant

7