**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**
**CRIMINAL NO.: 22-CR-092-S-DCR-O4**

**UNITED STATES OF AMERICA**

                                                **PLAINTIFF**

VS.   **DEFENDANT WELLS SENTENCING MEMORANDUM**

**ALAYNA WELLS**                              **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes Alayna Wells by and through counsel and respectfully submits her Sentencing Memorandum for the Court's consideration:

## ARGUMENT

The laws applying the Federal Sentencing Guidelines is now a discretionary matter for the courts. *United States v. Booker*, 543 U.S. 220 (2005). This court knows that sentences should now be fashioned upon the balancing of sentencing factors listed in 18 U.S.C. § 3535(a). Sentencing options available to district courts have significantly broadened following Booker and its progeny. *U.S. v Moon*, 513 F.3d 527, 541 (6th Circuit 2008).

Pursuant to 18 U.S.C. Section 3553 the court must impose a sentence sufficient, **but not greater than necessary**, to comply with the purpose set forth in paragraph (2) of 3553, subsection.

Statue 18 U.S.C. section, 3553A, directs the court to fashion a sentence,

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense.

(B) To afford adequate deterrence to criminal conduct.

(C) To protect the public from further crimes of the defendant, and

(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Alayna, admitted before the court both her responsibility for and participation in the instant offense. **See PSR Paragraph 32.** Alayna's, offense conduct was that she drove co-defendant, Nemetz to the drop locations and Nemetz would personally deliver the U.S. Currency which was drug money to couriers. **See PSR Paragraph 18 & 19.**

Alayna total criminal history score is zero. A criminal history score of zero establishes a criminal history category of one (1) **See PSR Paragraphs 48 & 49.** Given Alayna's criminal history demonstrates that the current criminal offense is totally out of character for Alayna. With that being said, Alayna is not making excuses for her action, and she has accepted responsibility. Alayna acknowledges that she made a very bad judgment decision basically because she was listening to the wrong person. Her co-defendant and boyfriend.

Statutorily, with respect to count two and count three, Alayna is eligible for not less than one nor more than five years' probation because the offense is a Class C Felonies pursuant to 18 U.S.C section 3561 (c) (1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution or community service. **See PSR Paragraph 69. Congress has given this court the power to impose a sentence of probation.**

Because Congress permits a sentence of probation means that Congress, believes that in the appropriate situation, that a sentence of probation will reflect the seriousness of the offense, and promote respect for the law, and to provide a just punishment for the offense. The undersign

that this is one of those situations wherein the count could sentence Alayna to five (5) years' probation.

The requested sentence of probation will afford adequate deterrence to future criminal conduct. In fact, it is the undersigns strong opinion that Alayna will not engage in any future criminal conduct. To say the least, Alayna never thought that she would engage in criminal activity and face jail time. Alayna knows better now and does not want to go to prison which may have a negative effect on her as opposed to changing her life for the better. Simply, there are a lot of people in prison that prey on non-expecting people like Alayna. In addition, unfortunately there are a lot of drugs in prison. Again, it is the undersigns opinion that probation would be a better punishment for Alayna. Simply, the office of probation and parole could guide Alayna more appropriately than prison.

With respect to protecting the public from further crimes this factor can also be accomplished by a sentence of probation. An analysis of Alayna's personal and Family Data gives strong support that she will not ever again put the public in harm's way. This is not her character. Alayna knows that if she does not abide by the conditions that this court sets, that she would be facing jail time. It is the undersigns belief that this court knows that not many Defendants walk down probation, however, if anyone can complete probation it would be Alayna.

With respect to Alayna s Substance Abuse history, [Alayna was addicted to marijuana] Probation and Parole could have her to undergo out-patient treatment for ninety (90) days to six (6) months. **See PSR Paragraph 58.** Again, Probation and Parole can provide the proper guidance.

If the court is not inclined to sentence Alayna to probation, then she respectfully asks t

ask the court for a variance and a sentence of thirty (36) months, which would reflect the seriousness of the offense, and would promote respect for the law, and would provide just punishment for the offense. In addition, it would afford adequate deterrence to criminal conduct.

There are no identifiable victims in this case. **See PSR Paragraph 30.**

Alayna does not have the ability to pay a fine, so she is asking the court to not impose a fine. **See PSR, Paragraph 66.**

## CONCLUSION

For all the above stated reasons Alayna respectfully requests this Court to have leniency and to impose a sentence of probation or in the alternative impose a variance and sentence Alayna to thirty-six (36) months and Alayna also respectfully request that the court recommend a camp to the BOP.

Respectfully Submitted,

By: s/ H. Wayne Roberts
H. Wayne Roberts
3229 Polo Club Blvd.
Lexington, KY 40509
Phone: (859) 225-0062

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Sentence Memorandum was duly served via email to Hon. Gary Todd Bradbury Assistant U.S. Attorney 13th day of July 2023.

By: s/ H. Wayne Roberts
H. Wayne Roberts

Case: 5:22-cr-00092-DCR-MAS Doc #: 265 Filed: 07/13/23 Page: 5 of 5 - Page ID#: 1418